ALD-111                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1397
_____

UNITED STATES OF AMERICA

v.

JERRELL TATE,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-18-cr-00069-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: May 6, 2024)
_____

OPINION*
_____

PER CURIAM

    Jerrell Tate, a federal inmate proceeding pro se, appeals from the District Court's

denial of his motion for a sentence modification.  The Government has timely filed a

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for summary affirmance.  For the following reasons, we grant the Government's motion and will summarily affirm.

In 2018, Tate pleaded guilty to one count of possession with intent to distribute heroin and fentanyl.  He was sentenced to 132 months' imprisonment.[1]  He did not file a direct appeal.  In 2021, Tate sought a sentence modification under 18 U.S.C. § 3582(c)(1)(A) based on his health conditions, which the District Court denied.

In 2024, Tate filed a second motion for sentence modification, arguing that his health conditions, his grandmother's need for care, changes in the law, and an alleged sentencing error warranted early release.  The District Court denied the motion, and Tate filed a timely notice of appeal.  The Government filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion the District Court's denial of a motion for sentence modification and will not disturb the decision unless the District Court committed a clear error of judgment.  See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  We may take summary action if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may modify a federal inmate's term of imprisonment if it finds that extraordinary and compelling reasons warrant a modification.  See 18 U.S.C. § 3582(c)(1).  Even if an inmate is eligible for a sentence modification under § 3582(c)(1), a district court may deny that modification upon determining that it would

---

[1] According to the Bureau of Prison's Inmate Locator, Tate is currently scheduled to be released in September 2027.

be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). See United States v. Pawlowski, 967 F.3d 327, 330-31 (3d Cir. 2020) (denying motion for sentence modification considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors supported Tate's continued incarceration.[2]  As in its order denying Tate's prior motion, the District Court appropriately considered the seriousness of his offense, which occurred while he was on state parole; that a substantial portion of his sentence remains; and that he has a "significant criminal history" of drug and firearm offenses.  Dkt. No. 78 at 1-2.  The District Court also noted the "apparent lack of deterrent effect" prior terms of imprisonment have had on Tate.[3]  Dkt. No. 78 at 2. Accordingly, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment" in concluding that a modification of Tate's term of imprisonment was not warranted.[4]  Pawlowski, 967 F.3d at 330 (citation omitted).

---

[2] Based on this conclusion, we need not decide whether Tate established "extraordinary and compelling reasons" for his release.  See 18 U.S.C. § 3582(c)(1)(A)(i).

[3] The District Court could have considered the current sentencing landscape in weighing the § 3553(a) factors, see Andrews, 12 F.4th at 262, and Tate raised arguments based on retroactive changes to sentencing law instituted by the First Step Act of 2018.  But there has been no change in law for Tate: he was sentenced after the Act's effective date of December 21, 2018.  Regardless, those sentencing amendments did not alter the definitions that resulted in his categorization as a career offender.  See U.S.S.G. §§ 4B1.1 & 4B1.2.

[4] Tate also argued that he was eligible for a sentence modification under 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce an inmate's term of imprisonment if that term was based on a sentencing range that was subsequently lowered by the Sentencing

Because the appeal does not present a substantial question, we grant the

Government's motion and will summarily affirm the District Court's judgment.

Commission, see Hughes v. United States, 584 U.S. 675, 681-82 (2018). Tate contended that Amendment 821 to the sentencing guidelines, which reduced the number of criminal history status points one receives for committing an offense while on parole, retroactively applies to him, thus changing his criminal history category and lowering his resulting sentencing range. See U.S.S.G. § 4A1.1(e). But the criminal history category and sentencing range used at Tate's sentencing were set by his designation as a career offender, which is unchanged by recent sentencing amendments. See U.S.S.G. § 4B1.1(b). Thus, he is not eligible for relief under § 3582(c)(2). See United States v. Thompson, 825 F.3d 198, 204 (3d Cir. 2016); United States v. Flemming, 617 F.3d 252, 257-58 (3d Cir. 2010).